CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

2019 OCT 31   AM 10: 11

DEPUTY CLERK _____
CTJ

EDWARD L. GREEN, SR., § 
    *Plaintiff,* §
 §
v. §
 §
 §      **Civil Action No. 4:19-cv-00788-A**
 §
WESTMONT HOSPITALITY GROUP, §
INC., d/b/a Red Roof Inn, d/b/a Home §
Towne Studios by Red Roof, f/k/a Crossland §
Extended Stay Studios, §
    *Defendant.* §

---

## DEFENDANT'S ORIGINAL ANSWER

---

Defendant CL West Management, LLC ("Defendant"), incorrectly sued as Westmont Hospitality Group, Inc., hereby answers Plaintiff's *Original Complaint* ("Complaint") [Doc. 1]. Unless otherwise admitted, Defendant denies each and every material allegation contained in Plaintiff's *Complaint*.

### Answer

1.    Defendant admits that jurisdiction is proper in this Court.

2.    Defendant admits that venue is proper in the Northern District of Texas, Fort Worth Division.

3.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's residency in Dallas County. Defendant admits that: (1) Plaintiff was employed by Defendant from May 18, 2018, to March 14, 2019; and (2) Plaintiff is a Black/African American citizen of the United States. Defendant denies the remaining allegations contained in paragraph three of Plaintiff's *Complaint*.

4.    Defendant admits the allegations contained in paragraph four of Plaintiff's *Complaint*.

5.     Defendant admits that Plaintiff filed a *Charge of Discrimination* with the United States Equal Employment Opportunity Commission on July 1, 2019.   Defendant denies the remaining allegations contained in paragraph five of Plaintiff's *Complaint*.

6.     Defendant admits that the United States Equal Employment Opportunity Commission issued Plaintiff a "Right-to-Sue" letter and this civil action was filed within 90 days of the receipt of that letter.   Defendant denies the remaining allegations contained in paragraph six of Plaintiff's *Complaint*.

7.     Paragraph seven of Plaintiff's *Complaint* does not require a substantive response because it is a generalized statement of the nature of this lawsuit. To the extent any response is required, Defendant denies the allegations contained in paragraph seven of Plaintiff's *Complaint*.

8.     Defendant denies the allegations contained in paragraph eight of Plaintiff's *Complaint*.

9.     Defendant admits that Plaintiff passed the "M.E." test for maintenance. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that he "has 20 plus years' experience in maintenance" as alleged in paragraph nine of Plaintiff's *Complaint*.

10.     Defendant admits that: (1) it employed Plaintiff from May 18, 2018, to March 14, 2019; (2) Plaintiff's initial rate of pay was $11.25 and final rate of pay was $11.48; and (3) Plaintiff's position was "Maintenance/Porter."   Defendant denies the remaining allegations contained in paragraph 10 of Plaintiff's *Complaint*.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of Plaintiff's *Complaint*.

12.     Defendant denies the allegations contained in paragraph 12 of Plaintiff's

*Complaint.*

13. Defendant denies the allegations contained in paragraph 13 of Plaintiff's *Complaint.*

14. Defendant denies that Plaintiff was terminated under the management of Kendrick Johnson—Plaintiff was terminated under the management of Jose Salinas. Otherwise, Defendant admits the allegations contained in paragraph 14 of Plaintiff's *Complaint.*

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of Plaintiff's *Complaint.*

16. Defendant admits that it terminated Plaintiff for sleeping on the job. Defendant denies the remaining allegations contained in paragraph 16 of Plaintiff's *Complaint.*

17. Defendant admits the allegations contained in paragraph 17 of Plaintiff's *Complaint.*

18. Defendant admits the allegations contained in paragraph 18 of Plaintiff's *Complaint.*

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's *Complaint.*

20. Defendant denies that Plaintiff is entitled to any of the relief sought in paragraph 20 of his *Complaint.*

21. Defendant denies that Plaintiff is entitled to any of the relief sought in paragraph 21 of his *Complaint.*

22. Paragraph 22 of Plaintiff's *Complaint* does not require a substantive response because it is simply a statement that Plaintiff demands trial by jury. Defendant also requests a trial by jury in this lawsuit.

Defendant denies that Plaintiff is entitled to any of the relight sought in his "Prayer for Relief."

## Affirmative Defenses

1.     Defendant terminated Plaintiff's employment for legitimate, non-discriminatory reasons.

2.     In the alternative, while denying that any employment decision made regarding Plaintiff was motivated in any part by a prohibited or unlawful factor, Plaintiff is not entitled to any relief he seeks because any such employment decision made by Defendant would have been made irrespective of any prohibited or unlawful factor.

3.     Plaintiff's recovery, if any, is limited by his failure to mitigate damages, if any.

4.     Plaintiff's recovery, if any, is subject to the applicable damages cap under Federal law.

5.     Any claim for punitive damages is barred by Defendant's good faith efforts to comply with the applicable civil rights statutes.

6.     Plaintiff's claims are barred by the statute of limitations.

7.     Plaintiff's claims are barred because he has failed to exhaust his administrative remedies.

## Conclusion and Prayer

Defendant prays that Plaintiff take nothing by his claims, that judgment be entered in its favor, and that the Court awards any further relief to which it finds Defendant is justly entitled.

Respectfully submitted,

Tracy Graves Wolf
Texas Bar No. 24004994
Tracy.Wolf@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
Brent.Sedge@lewisbrisbois.com
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7144 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR DEFENDANT**

**Certificate of Service**

I certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on October 31, 2019, *via CM/ECF and first class mail*, on the following:

Marshay Howard Iwu
P.O. Box 851553
Mesquite, Texas 75185-1553

**ATTORNEYS FOR PLAINTIFF**

Tracy Graves Wolf