

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWARD L. GREEN SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-788-A |
| | § | |
| WESTMONT HOSPITALITY GROUP, | § | |
| INC., D/B/A RED ROOF INN, | § | |
| D/B/A HOMETOWNE STUDIOS BY | § | |
| RED ROOF, F/K/A CROSSLAND | § | |
| EXTENDED STAY STUDIOS, | § | |
| | § | |
| Defendant. | § | |

## STATUS REPORT ORDER

*This order* pertains to preparation of a status report and also *contains important directives that will govern procedures applicable throughout the pendency of this action.  Read this order carefully*.

### A.   The Joint Status Report Requirements

Counsel[1] are directed to confer for the purpose of submitting a Joint Status Report in this case.  This conference shall be deemed to be a conference of the type contemplated by Rule 26(f) of the Federal Rules of Civil Procedure.  The Joint Status Report shall be filed by 4:00 p.m. on December 2, 2019,

---

[1]The term "counsel" as used herein includes pro se parties.  For example, the term "plaintiff's counsel" means the plaintiff himself or herself if proceeding pro se.

and shall address in separate paragraphs each of the following

matters:

    (1)   A brief statement of the nature of the case, including the contentions of the parties;

    (2)   Any challenge to jurisdiction or venue;

    (3)   Any pending motions (including the dates of filing of motions and responses), an estimate of time needed to file any contemplated motions and a description of anticipated motions;

    (4)   Any matters which require a conference with the court;

    (5)   Likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties;

    (6)   Requested trial date, estimated length of trial, and whether jury has been demanded;

    (7)   A report concerning the settlement conference and related settlement matters as contemplated by this order;

    (8)   A discovery plan as contemplated by Rule 26(f)(3) of the Federal Rules of Civil Procedure; and

    (9)   Any other matters relevant to the status and disposition of this case.

Any differences between counsel as to the status of any of the above matters must be set forth in the report.

Plaintiff's counsel is responsible for initiating the status conference and for filing the Joint Status Report. Lead counsel for each party must participate in the conference and shall sign the Joint Status Report.

B.  Settlement Meeting Requirements (and Supplement to
    Joint Status Report Requirements)

Prior to the filing of the Joint Status Report, the parties
and their respective lead counsel shall meet face-to-face to
discuss settlement of this action.  Individual parties and their
counsel shall participate in person, not by telephone or other
remote means.   All other parties shall participate by a
representative or representatives, in addition to counsel, who
shall have unlimited settlement authority, and who shall
participate in person, not by telephone or other remote means.
If a party has liability insurance coverage as to any claim made
against the party in this action, a representative of each
insurance company providing such coverage who has full authority
to offer to pay policy limits in settlement shall be present at,
and participate in, the settlement conference in person, not by
telephone or other remote means.  The court expects the parties
to comply with the requirements of Rule LR 16.3(a) of the Local
Civil Rules of this court ("Local Civil Rules") that the parties
make a good faith effort to settle.  The parties shall include in
their Joint Status Report a report detailing the date on which
the settlement conference was held, the persons who were present,
including the capacity of any representative who was present, a
statement regarding whether meaningful progress toward settlement

3

was made, and a statement regarding the prospects of settlement.
Dollar amounts of offers and demands are not to be disclosed if
the case is to be tried non-jury.

C.    Timing of Rulings on Motions

The court reminds the parties that a response and brief to
an opposed motion must be filed within twenty-one (21) days from
the date the motion is filed, Local Civil Rule LR 7.1(e), and
that a reply brief may be filed within fourteen (14) days from
the date the response is filed, Local Civil Rule LR 7.1(f). Each
motion shall be deemed to be ripe for ruling by the court at the
end of such time period. If the court concludes that the motion
should be granted, the court normally will not await a reply
before ruling. On occasion, the court will, upon motion or sua
sponte, order an expedited response or reply. As a general rule,
motions will be ruled upon without hearing; however, hearings
will be scheduled as appropriate.

D.    Nature of Legal Representation Required and Document
      Signing Requirements

All parties and attorneys in this action are reminded of the
provisions of Fed. R. Civ. P. 11 and Local Civil Rules LR 7.1, LR
10.1, LR 83.7, LR 83.9, and LR 83.10. The rules do not
contemplate that law firms are, or will be, admitted or
authorized to practice before this court. Instead, the

representation is to be provided by individual attorneys who qualify to practice before this court under the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10.  Nor do the rules contemplate that simulated signatures of attorneys of record can be used, instead of actual signatures, on pleadings, motions, etc.

The court ORDERS that from this point forward all parties to this action, and their counsel, shall strictly comply with the requirements of the above-mentioned rules unless otherwise directed by the court, and that, in the course of doing so:

(1)  Each attorney who participates in a conference contemplated by Local Civil Rule LR 7.1(a) shall be an attorney of record who is admitted to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(2)  Each certificate of service and certificate of conference shall be signed by either a pro se party or an attorney of record who is admitted or authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(3)   A simulated signature of an attorney or party is unacceptable and will not be used;[2]

(4)   None of the items filed with the papers in this action is to be signed by a law firm, as opposed to individual attorneys who are admitted or authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;[3]

(5)   None of the items filed with the papers in this action is to be signed by an attorney who is not authorized to practice before this court pursuant to the provisions of Local Civil Rules LR 83.7, LR 83.9, or LR 83.10;

(6)   Each _pro se_ party shall sign each item filed by him or her on his or her own behalf;

(7)   Strict compliance with the requirement of local counsel, as contemplated by Rule LR 83.10(a) is required. If relief from the Rule is sought, it must be by motion stating in detail a cause why such relief should be granted. The court does not grant relief from the Rule unless exceptional circumstances are presented by the motion; and

---

[2]Examples of a "simulated signature" are a fax or machine copy of a signature and a "signed by permission" signature.

[3]The United States Supreme Court has explained that in the federal practice a document filed with the court should be signed by the individual attorney, on his own behalf, and not on behalf of his firm. Pavelic & LeFlore v. Marvel Entm't Grp., 493 U.S. 120, 126 (1989).

(8)   If local counsel is required by Rule LR 83.10(a),
the name, address, bar number, and contact information for
local counsel must appear in the signature block on each
pleading, motion, or other item filed.  If the requirement
for local counsel has been waived by order of the court, the
signature block on any pleading, motion, or other item filed
shall indicate such waiver by stating "The local counsel
requirement was waived by an order signed _____,
20___."

The court will consider ordering the denial of the relief
sought by any item that has not been properly prepared, signed,
and filed or the ordering that such an item be stricken from the
record of this case.

E.   <u>Preparation for Filing of Evidentiary Items (Such as
     Appendices) and Similar Items</u>

The court further ORDERS that: Each evidentiary item,
including any exhibits, filed in connection with any pleading or
other paper, shall be clearly marked by the exhibit number or
letter, or other designation if any, assigned to the item.  All
such items shall be filed in a separate volume, bearing
consecutive page numbers and appropriate index tabs so that the
court can readily locate each item.  Each collection of
evidentiary items shall have at the front a table of contents

giving the description of each item in the collection and the tab
and page number where the item can be found.  The judge's copy of
any item or collection of items of more than fifty pages shall be
spiral-bound on the side, broken into volumes that will lie flat
when open and not contain so many pages as to make them unwieldy.
Counsel shall highlight, as appropriate, those portions of the
items that are of particular pertinence.  Submission to the court
of any collection of cases or other legal authorities will be
handled in a manner comparable to the foregoing directions
relative to evidentiary items.

F.   Adoption of Statements in Pleadings

     Further, counsel are reminded that the federal rules
contemplate only that statements in pleadings may be adopted by
reference.  Fed. R. Civ. P. 10(c).  Attempted incorporation by
reference of any other material may not be considered by the
court.

G.   Requests for Sealing of Items Are Discouraged

     For the information of the parties, the court does not
routinely make it a practice to allow documents to be filed under
seal.  See Nixon v. Warner Communications, Inc., 435 U.S. 589,
597 (1978) (the public has a common-law right to inspect and copy
judicial records); SEC v. Van Waeyenberghe, 990 F.2d 845, 848
(5th Cir. 1993) (the court's discretion to seal records is to be

exercised charily); <u>Brown & Williamson Tobacco Corp. v. F.T.C.</u>, 710 F.2d 1165, 1177 (6th Cir.1983) (the First Amendment and the common law limit the court's discretion to seal records). <u>See, also</u>, <u>United States v. Holy Land Found. for Relief & Dev.</u>, 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view."). The parties are, of course, free to enter into any agreement between them as to confidentiality of documents produced in discovery.[4] Any party desiring to file a specific document under seal should file a motion for leave to do so, accompanied by a memorandum giving with specificity (including a statement of all facts supporting such request and a citation and discussion of all

---

[4]The court is not inclined to involve itself in such an agreement of the parties. There is no reason why the parties cannot put any agreement into a legally enforceable document without causing the court to devote its time and attention to the matter. Rule 26(c) of the Federal Rules of Civil Procedure should not be used as a vehicle for converting an agreement of the parties into a court order. Therefore, the court does not anticipate that the parties will request it to review any confidentiality or protective agreement they have reached.

legal authorities supporting the request) all reasons why there should be a sealing from public view of such document.[5]  Further, all facts recited in any such memorandum must be verified by the oath or declaration of a person or persons having personal knowledge thereof.  Cf. United States v. Edwards, 823 F.2d 111, 118 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a first amendment challenge, the court must make specific fact findings demonstrating that a substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

H.   Additional Requirements

Unless the court orders otherwise, a party is required to answer or otherwise respond to an amended pleading within ten (10) days of the filing of such amended pleading.

No process shall be served upon any person in attendance at any conference held pursuant to the requirements of this order.

Failure to timely submit the Joint Status Report or to cooperate in the preparation and the filing of the report or to participate as required in the settlement conference may result

---

[5]The movant should bear in mind that simply showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access. Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1180 (6th Cir. 1983).

in the imposition of sanctions, including dismissal or entry of

default without further notice.  See Fed. R. Civ. P. 16(f).

THE COURT SO ORDERS.

SIGNED October 31, 2019.

JOHN McBRYDE
United States District Judge